

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT GERARD FURTWANGLER,<br>       Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>       Defendant. | §<br>§<br>§<br>§  CIVIL ACTION NO. 3:09-02971-HFF-JRM<br>§<br>§<br>§<br>§ |

ORDER

This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 18, 2011, and Plaintiff filed his objections to the Report on September 6, 2011. Plaintiff objects to two portions of the Magistrate Judge's Report.

Plaintiff first objects to the Magistrate Judge's recommendation that the Administrative Law Judge's (ALJ) "denial of benefits based on non-compliance was supported by substantial evidence." Pl.'s Objs. 1, ECF No. 20. Plaintiff states, "Because the ALJ's decision in this regard was not fully explained and did not properly resolve conflicting, contrary credible evidence, it is error to conclude that his finding rests on substantial evidence." *Id.* at 1-2. It is Plaintiff's position that his "non-compliance was a *symptom* of his impairment," which constituted good cause for non-compliance. *Id.* at 2.

Plaintiff's second objection challenges the Magistrate Judge's recommendation that the ALJ did not err in his credibility analysis. Plaintiff maintains, as he did in his brief to the Magistrate Judge, that "the ALJ failed to make any account whatsoever for certain credible testimony" and that the "reasons the ALJ advanced for making his credibility finding are . . . insufficient as they are not properly rooted within the entire record." *Id.* He then takes issue with the ALJ's finding that his asserted symptoms were inconsistent with certain daily activities. *Id.*

The Court agrees with the Magistrate Judge's recommendation that the ALJ did not err in using Plaintiff's non-compliance as a basis for his decision and that the ALJ conducted a proper credibility analysis. The Court would simply remind Plaintiff that its role is limited to ensuring that the ALJ's decision abides by the appropriate legal standard and that substantial evidence exists to support it. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). It is not to reweigh the evidence or substitute its judgment for that of the ALJ, *id.*, as Plaintiff invites the Court to do. Consequently,

for the reasons stated in the Magistrate Judge's Report, the Court finds Plaintiff's objections to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 27th day of September, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
